EXHIBIT C

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELECTRICAL WORKERS PENSION FUND, LOCAL 103, I.B.E.W., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BAXTER INTERNATIONAL, INC., JOSE E. ALMEIDA, BRENT SHAFER, JOEL T. GRADE, JAMES K. SACCARO, BRIAN STEVENS, HEATHER KNIGHT, and CLARE TRACHTMAN, <br><br> Defendants. | Case No.: 1:25-cv-12672-SCS <br><br> **CLASS ACTION** |
| CITY OF HALLANDALE BEACH POLICE OFFICERS' AND FIREFIGHTERS' PERSONNEL RETIREMENT TRUST, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BAXTER INTERNATIONAL, INC., JOSÉ E. ALMEIDA, BRENT SHAFER, JOEL T. GRADE, JAMES K. SACCARO, BRIAN STEVENS, HEATHER KNIGHT, and CLARE TRACHTMAN, <br><br> Defendants. | Case No.: 1:25-cv-14712-JFK <br><br> **CLASS ACTION** |

**JOINT DECLARATION IN SUPPORT OF THE INSTITUTIONAL INVESTORS'
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF LEAD COUNSEL**

1

We, Johan Svedin, Laken Ryals, Neil Norwood, Mark Desler, and Bernard Bosch declare as follows:

1. We respectfully submit this Joint Declaration in support of the motion of: Indecap Fonder AB ("Indecap"), Public Employees' Retirement System of Mississippi ("MSPERS"), Nova Scotia Health Employees' Pension Plan ("NSHEPP"), City of Omaha Police and Fire Retirement System ("Omaha P&F"), and City of Omaha Civilian Retirement System ("Omaha CRS") (collectively, the "Institutional Investors") for appointment as Lead Plaintiff and approval of their selection of Saxena White P.A. ("Saxena White") and Pomerantz LLP ("Pomerantz") to serve as Lead Counsel for the proposed Class in the securities class action litigation against Baxter International, Inc. ("Baxter") and certain of its executives (collectively, "Defendants"). We are aware that the action is brought on behalf of a class currently defined as all persons and entities that purchased or otherwise acquired Baxter common stock between February 23, 2022 and October 29, 2025, inclusive (the "Class Period"). We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of this litigation. Each of us has personal knowledge of the information in this Joint Declaration to the extent it concerns the institution with which we are respectively associated.

2. I, Johan Svedin, am the Chief Executive Officer of Indecap, and I am authorized to make this declaration on behalf of Indecap. Established in 2002, based in Stockholm, Sweden, and with more than $8 billion USD in assets under management, Indecap provides financial planning and asset management services on behalf of nine funds. As reflected in its certification, Indecap has full power and authority to bring suit to recover substantial losses incurred by its

2

funds—Indecap Guide Global, Indecap Guide 1, and Indecap Guide 2—on their transactions in Baxter common stock during the Class Period.

3. I, Laken Ryals, am a Special Assistant Attorney General in the Consumer Protection Division in the Office of the Attorney General of the State of Mississippi (the "OAG"), and I am authorized to make this declaration on behalf of MSPERS. MSPERS is a defined benefit pension fund headquartered in Jackson, Mississippi. With more than $36 billion in assets under management, MSPERS administers retirement benefits on behalf of more than 365,000 members. As reflected in its certification, MSPERS incurred substantial losses on its transactions in Baxter common stock during the Class Period. Since 2019, MSPERS and NSHEPP, as § 14(a) and § 10(b) lead plaintiffs respectively, have litigated, pursuant to a joint prosecution agreement, the investor claims in the consolidated class actions proceeding as *Edwards v. McDermott International, Inc., et al.*, No. 4:18-cv-4330 (S.D. Tex.).

4. I, Neil Norwood, am the Chief Financial Officer of NSHEPP, and I am authorized to make this declaration on behalf of NSHEPP. NSHEPP's CEO, Stefan Cowell, and I will oversee this litigation. NSHEPP is a comprehensive, defined benefit pension plan established in 1961 and jointly sponsored by Health Association Nova Scotia and four unions. NSHEPP is one of the largest registered pension plans in the Canadian Province of Nova Scotia, serving over 56,000 people, including 38,000 active members who work for 93 participating employers at over 150 sites throughout Nova Scotia, as well as 16,000 pensioners who receive a monthly income from NSHEPP and over 1,700 former employees who have elected a deferred pension. NSHEPP's oversight and administration is well-defined, multitiered, and robust. It is administered by a Board of eight Trustees, half selected by Health Association Nova Scotia and half selected by the four unions to which its members belong. The Board of Trustees is responsible for the Plan's overall

3

operation, with day-to-day operations overseen by NSHEPP's CEO. As of November 2025, NSHEPP had over CAD $13.5 billion in assets, invested in a diversified manner, including over 40% in equities. As reflected in its certification, NSHEPP incurred substantial losses on its transactions in Baxter common stock during the Class Period. Since 2019, NSHEPP and MSPERS, as § 10(b) and § 14(a) lead plaintiffs respectively, have litigated, pursuant to a joint prosecution agreement, the investor claims in the consolidated class actions proceeding as *Edwards v. McDermott International, Inc., et al.*, No. 4:18-cv-4330 (S.D. Tex.).

5.      I, Mark Desler, am the Chairperson of Omaha P&F's Board of Trustees and am authorized to make this declaration on behalf of Omaha P&F. Omaha P&F is a public pension system organized for the benefit of current and retired police officers and firefighters of the City of Omaha, Nebraska. With approximately $2 billion in assets under management, Omaha P&F administers retirement benefits on behalf of approximately 3,200 members. As reflected in its certification, Omaha P&F incurred substantial losses on its transactions in Baxter common stock during the Class Period.

6.      I, Bernard Bosch, am fiduciary counsel for Omaha CRS, and I am authorized to make this declaration on behalf of Omaha CRS. Omaha CRS is a public pension system organized for the benefit of current and retired employees of the City of Omaha, Nebraska. With approximately $275 million in assets under management, Omaha CRS administers retirement benefits on behalf of approximately 1,400 members. As reflected in its certification, Omaha CRS incurred substantial losses on its transactions in Baxter common stock during the Class Period.

7.      Omaha P&F and Omaha CRS are closely related, as the City of Omaha, Nebraska administers both systems. The systems work with the same investment consultant, share human resources staff, share fiduciary counsel, and have some common members of their boards of

4

trustees (specifically, the City's Finance Director and Human Resources Director). The systems also attend public pension fund conferences together, including those hosted by the National Conference on Public Employee Retirement Systems (NCPERS) and by DeMarche Associates.

8. The Institutional Investors are all sophisticated institutional investors that understand, appreciate, and accept the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA. Our familiarity with the PSLRA's requirements and in overseeing counsel in actions prosecuted on behalf of absent class members is informed by, among other things, some of our members' experience serving as lead plaintiff and/or co-lead plaintiff in securities fraud class actions, including in this District.

9. Specifically, members of the Institutional Investors have extensive experience overseeing the prosecution of securities class actions and have achieved outstanding results for investors when serving as lead plaintiff, co-lead plaintiff, or a class representative in such actions, including as part of cohesive lead plaintiff groups alongside other institutional investors. For example, MSPERS has successfully prosecuted numerous securities class actions, including in this District. *See*, *e.g.*, *In re Stericycle, Inc. Sec. Litig.*, No. 16-cv-7145 (N.D. Ill.) ($45 million recovery); *Public Emps.' Ret. Sys. of Miss. v. TreeHouse Foods, Inc.*, No. 16-cv-10632 (N.D. Ill.) ($27 million recovery); *In re Wells Fargo & Co. Sec. Litig.*, No. 20-cv-4494 (S.D.N.Y.) ($1 billion recovery with MSPERS serving as lead plaintiff alongside other institutional investors); *In re Schering-Plough Corp./ENHANCE Litig.*, No. 08-cv-397 (D.N.J.) ($473 million recovery); *In re Satyam Comput. Servs. Ltd. Sec. Litig.*, No. 09-md-2027 (S.D.N.Y.) ($150.5 million recovery); and *City of Miami Fire Fighters' and Police Officers' Ret. Trust v. Cerence Inc.*, No. 22-cv-10321 (D. Mass.) ($30 million recovery, with Saxena White serving as co-lead counsel). Similarly, Omaha P&F has successfully represented investor classes in securities class actions, including in

5

this District. *See, e.g.*, *Ronge v. Camping World Holdings, Inc.*, No. 18-cv-07030 (N.D. Ill.) ($12.5 million recovery); *Ark. Teacher Ret. Sys. v. Insulet Corp.*, No. 15-cv-12345 (D. Mass.) ($19.5 million recovery); and *In re Evoqua Water Tech. Corp. Sec. Litig.*, No. 18-cv-10320 (S.D.N.Y.) ($16.5 million). NSHEPP also recently successfully represented investors as co-lead plaintiff with another institution in a securities class action. *See In re Emergent BioSolutions Inc. Sec. Litig.*, No. 21-cv-00955 (D. Md.) ($40 million recovery, with Pomerantz serving as lead counsel). NSHEPP currently serves as lead plaintiff in other ongoing securities class actions, with Pomerantz as lead counsel. *See In re MINISO Grp. Holding Limited Sec. Litig.*, 1:22-cv-09864 (S.D.N.Y.); *Ramos v. Comerica Inc.*, 2:23-cv-06843-SB-JPR (C.D. Cal.). NSHEPP has also successfully resolved opt-out litigation, alongside dozens of other institutions all represented by Pomerantz, seeking recovery of investment losses caused by BP's Gulf of Mexico oil spill, which proceeded within Multidistrict Litigation 2185. *See Nova Scotia Health Emps.' Pension Plan* v. *BP, plc*, No. 4:13-cv-03397 (S.D. Tex.); *In re BP p.l.c. Sec. Litig.*, 4:10-md-02185 (S.D. Tex.).

10.     Following the filing of the complaints in this Action, Saxena White and Pomerantz notified members of the Institutional Investors of their investment losses in connection with the fraud alleged in this Action. Saxena White and Pomerantz also informed members of the Institutional Investors of their ongoing, respective investigations into the matter. Thereafter, Saxena White and Pomerantz continued to provide members of the Institutional Investors with updates regarding their investigations into the allegations against Defendants. After reviewing the allegations in the Action and consulting with their counsel, each of the Institutional Investors independently determined to seek appointment as Lead Plaintiff.

11.     Prior to selecting Pomerantz as its counsel, MSPERS engaged in a competitive process, conducted by the OAG, through which it evaluated several law firms based on, among

6

other things: each firm's track record and expertise in securities class actions; the lawyers assigned to the Action; and each firm's proposed strategy for prosecuting the Action. After receiving several proposals, MSPERS, through the OAG, conducted live interviews with counsel from each firm. Through that process, MSPERS determined that Pomerantz would be ideally suited to represent MSPERS and the Class in the Action. Through that process, MSPERS also learned that Indecap, NSHEPP, Omaha P&F, and Omaha CRS were like-minded, sophisticated institutional investors with significant exposure in the Action.

12. NSHEPP's selection of Pomerantz as its counsel was informed by its 12-year attorney-client relationship with Pomerantz, during which time Pomerantz has represented NSHEPP as lead or co-lead plaintiff in several securities class action litigations and opt-out litigation. *See In re Emergent Biosolutions, Inc. Sec. Litig.*, No. 8:21-cv-00955-DLB (D. Md.) ($40 million settlement after motion to dismiss litigation, discovery, class certification, mediation); *Edwards v. McDermott Int'l, Inc.*, No. 4:18-cv-4330 (S.D. Tex.) (serving as sub-class representative after motion to dismiss litigation, multi-year discovery, class certification litigation, Fed. R. Civ. P. 23(f) appeal); *In re MINISO Grp. Holding Limited Sec. Litig.*, 1:22-cv-09864 (S.D.N.Y.) (litigation of Rule 12(b)(6) motion to dismiss third amended complaint ongoing); *Ramos v. Comerica Inc.*, 2:23-cv-06843-SB-JPR (C.D. Cal.) (appeal of Rule 12(b)(6) dismissal of third amended complaint pending); *Nova Scotia Health Emps.' Pension Plan* v. *BP, plc*, No. 4:13-cv-03397 (S.D. Tex.) and *In re BP p.l.c. Sec. Litig.*, No. 4:10-mdc-02185 (S.D. Tex.) (favorable monetary recovery after motions to dismiss, extensive discovery, complex mediation). Through discussion with Pomerantz, NSHEPP learned that Indecap, MSPERS, Omaha P&F, and Omaha CRS were like-minded, sophisticated institutional investors with significant exposure in the

7

Action. NSHEPP knew and recognized MSPERS from their shared experiences litigating the still-ongoing *McDermott International* litigation.

13. Prior to selecting Saxena White as their counsel, Indecap, Omaha P&F, and Omaha CRS engaged in evaluation processes to select counsel and determined that Saxena White would be ideally suited to represent them and the Class in the Action. Through that process, Indecap, Omaha P&F, and Omaha CRS learned that MSPERS and NSHEPP were like-minded, sophisticated institutional investors with significant exposure in the Action.

14. The Institutional Investors are highly motivated to recover the substantial losses that they (and the rest of the Class) incurred as a result of Defendants' violations of the federal securities laws. Our primary goal in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the Class from all culpable parties. We are dedicated to maximizing the Class's recovery by ensuring this litigation is prosecuted in an efficient and cost-conscious manner and believe that we have implemented mechanisms to ensure effective decision-making and coordination and oversight of our chosen counsel.

15. To ensure an optimal result for the Class, we believe that this case should be prosecuted by litigants, like ourselves, that are sophisticated institutional investors with significant resources, prior experience serving as fiduciaries and in selecting, hiring, and overseeing the activities of outside counsel in securities class action litigation under the PSLRA and other securities lawsuits, and a financial interest substantial enough to ensure the claims are litigated vigorously, efficiently, and in the best interests of the Class.

16. The Institutional Investors each independently determined that they could maximize the Class's recovery by seeking appointment as Lead Plaintiff together in this case based on, among other things: (1) our review of the findings of counsel's respective investigations;

8

(2) our comprehensive and complementary investments in Baxter common stock throughout the Class Period; (3) our ability to share and combine resources and our perspectives as fiduciaries to our respective members; and (4) our shared goals and interests in protecting and maximizing institutional investor assets. The Institutional Investors also each independently determined that it would be in their and the Class's best interests to seek to jointly prosecute these important claims. The decision to seek joint appointment as Lead Plaintiff was, in part, informed by the Institutional Investors' roles as fiduciaries, and their shared goals and interests in protecting and maximizing their assets and enhancing the reliability and transparency of information disseminated by publicly traded corporations. After analyzing the merits of the claims and their respective losses incurred as a result of Defendants' alleged misconduct, and consulting with counsel, the Institutional Investors approved the filing of a motion for Lead Plaintiff appointment.

17. The Institutional Investors agree that their partnership is well suited for this litigation and will further the interests of the Class. Indeed, MSPERS's, Omaha P&F's, and NSHEPP's respective prior experiences working with other institutional investors in actions pursuant to the PSLRA demonstrate that a cohesive group of sophisticated fiduciaries informed by diverse perspectives has a positive effect on the quality of the representation provided to class members, especially in complex actions such as this one. For example, MSPERS and NSHEPP have co-litigated investor claims in the *McDermott International* action, under a joint prosecution agreement, as § 14(a) and § 10(b) lead plaintiffs respectively, since 2019.

18. The Institutional Investors understand that the PSLRA expressly allows for the appointment of lead plaintiff groups, and courts throughout the country, including in this District, endorse groups of sophisticated investors serving as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the

9

action in the best interests of the class. The Institutional Investors intend to prosecute the action against Defendants in such an independent, efficient, and vigorous manner.

19. In order to formalize our joint leadership of this Action, on December 15, 2025, we convened a joint conference call, during which we discussed a number of points relevant to this litigation generally and our motion specifically, including: the allegations in the complaints in this Action; the PSLRA's lead plaintiff appointment process and our obligations in connection therewith; the benefits of working together to jointly prosecute the litigation in a collaborative and cohesive manner; the advantages of having Saxena White and Pomerantz, experienced and well-regarded counsel, serve as Lead Counsel; and procedures and mechanisms for communication and decision-making that will ensure that the proposed Class will benefit from our supervision of counsel. We discussed our shared view that the prosecution of this case should be entrusted to parties that are sophisticated, that have substantial resources, and that have a significant financial interest in the claims asserted to ensure that this Action is litigated as zealously and efficiently as possible.

20. We and our colleagues will exercise joint decision-making and work together in this litigation to actively monitor the activities of counsel in order to ensure that the litigation is prosecuted in the best interests of the Class. We have established procedures for overseeing the progress of the litigation and communicating both separate and apart from and with counsel as necessary. Each of us has staff that will review major case filings. To effectuate this review, we have instructed counsel to provide drafts of major case filings, including amended pleadings and dispositive motions, for our review at least seven days before they are submitted, court deadlines permitting. This will give the staff of each institution ample time to independently review these materials and communicate regarding any questions or concerns. We have also established a plan

10

to conduct quarterly conference calls to stay up to date in our oversight of the litigation. We will also, as necessary, confer with and without counsel to ensure that we are able to make timely decisions. We plan to discuss any settlement offers in this Action with one another, and with our boards of directors/trustees as required or appropriate, both with and without counsel.

21. We have directed counsel to advise us of all developments during the lead plaintiff motion process and provide us with updates regarding counsels' respective ongoing investigations. We will continue to direct counsel and actively oversee the prosecution of this Action for the benefit of the proposed Class by reviewing amended pleadings and dispositive motions and holding joint calls, with and without counsel as needed. Furthermore, we have instructed counsel to provide us with at least quarterly updates on the progress of the litigation, and to provide interim updates, or as frequently as is necessary to keep us abreast of litigation developments.

22. Based in part on the experience of members of the Institutional Investors serving as co-lead plaintiffs in other securities class actions, we do not believe any disagreements will arise that cannot be resolved through discussion and collaboration between our funds, given our shared objective to work collaboratively to maximize the recovery of investors through this litigation. However, in the unlikely event that any disagreement arises, we agree to resolve that disagreement by a majority vote among the five members, with Indecap, MSPERS, NSHEPP, Omaha P&F, and Omaha CRS each possessing one vote. Each of us agrees to be bound by the outcome of such vote. We recognize that even in the event of such a disagreement, the ultimate decision will necessarily be informed by consulting one another and our counsel.

23. We understand that it is the lead plaintiff's obligation under the PSLRA to select qualified lead counsel and to supervise lead counsel's prosecution of this Action to ensure that the Action is prosecuted without unreasonable expense or cost. With respect to our selected counsel,

11

we believe that the Class will benefit from having two law firms—both experienced in litigating securities class actions successfully—jointly serve as Lead Counsel. The service of two experienced law firms to serve as Lead Counsel will allow the Class to benefit from the firms' combined resources and litigation experience. Our close working relationships with both Saxena White and Pomerantz, including through our oversight of their work as Lead Counsel in other securities class actions pursuant to the PSLRA, ensure that the Class will be provided with the best possible representation.

24. In furtherance of their duties to the Class, the Institutional Investors have directed Saxena White and Pomerantz to vigorously prosecute this action in a cost-effective and efficient manner, while obtaining the best possible result for the Class, and we are confident that our counsel understand our mandate. The Institutional Investors believe the experience and success of our proposed Lead Counsel in prosecuting securities class actions, combined with our oversight, will ensure that the Class receives the best possible representation in this case. As part of our oversight of counsel, and to ensure there is no duplication of effort, we have instructed our proposed Lead Counsel to keep contemporaneous time records to be provided to us upon request.

25. We are committed to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with and overseeing counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediation and hearings as necessary, reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure and hereby reaffirm that the Action will be vigorously prosecuted consistent with the PSLRA's lead plaintiff obligations and in the best interests of the Class.

12

26. In sum, we are committed to ensuring the Class receives the best possible outcome from this litigation.

**[REMAINDER INTENTIONALLY BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 15th day of December, 2025.

*Indecap Fonder AB*

*Johan Svedin*

Johan Svedin (Dec 15, 2025 22:15:03 GMT+1)

Johan Svedin, Chief Executive Officer

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of December, 2025.

Public Employees' Retirement System of Mississippi

Laken Ryals, Special Assistant Attorney General, Consumer Protection Division, Office of the Attorney General of the State of Mississippi

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 15th day of December, 2025.

*Nova Scotia Health Employees' Pension Plan*

Neil Norwood, Chief Financial Officer

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of December, 2025.

*City of Omaha Police and Fire Retirement System*

Mark Desler (Dec 15, 2025 16:26:21 CST)

Mark Desler, Chairperson, Board of Trustees

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of December, 2025.

*City of Omaha Civilian Retirement System*

*Bernard Bosch*

Bernard Bosch (Dec 15, 2025 19:29:54 CST)

Bernard Bosch, Fiduciary Counsel